### 27553. UPTON v. THE STATE.

NICHOLS, Justice. The defendant was indicted for the murder of his wife. He was convicted of involuntary manslaughter in the commission of an unlawful act and sentenced to five years imprisonment. The appeal is from the conviction. Jurisdiction of the appeal in the Supreme Court is based upon a judgment of the trial court refusing to declare a section of a venue statute (*Code Ann.* § 26-302 (c)) unconstitutional as conflicting with the constitutional requirement that trials for alleged crimes be tried in the county where committed except in specified

cases not involved in the present case. The defendant in his unsworn statement placed the events leading to his wife's death in the county where he was indicted and tried. *Held:*

Assuming, but not deciding, that had the jury returned a verdict of guilty of murder, the question as to the constitutionality of the statute in question would have been involved in the case, yet, where the verdict was guilty of involuntary manslaughter in the commission of an unlawful act and the evidence was uncontradicted that this crime was committed, if it was in fact committed, in the county where the defendant was tried, the constitutional question is removed from the case in the trial court and the case is one within the jurisdiction of the Court of Appeals and not the Supreme Court, for as was held in *Prather v. State,* 223 Ga. 431 (155 SE2d 862), where a defendant is acquitted of the crime which, because the constitutionality of a statute is attacked, would give this court rather than the Court of Appeals jurisdiction, such case is no longer one within the jurisdiction of the Supreme Court.

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972.

*Hodges & Oliver, G. Robert Oliver,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr.,* amicus curiae.